UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NAKISHA CRAYTON,

                Plaintiff,

v.                                                                                          1:18-CV-0576
                                                                                              (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LEWIS L. SCHWARTZ, PLLC<br>  Counsel for Plaintiff<br>1231 Delaware Ave., Ste. 103<br>Buffalo, NY 14209 | LEWIS SCHARTZ, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | BLAKELY PRYOR, ESQ.<br>DAVID BROWN, ESQ.<br>FRANCIS TANKARD, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 20.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted, to the extent she seeks remand for further proceedings, and the Commissioner's motion is denied.

I.   **RELEVANT BACKGROUND**

   A.   **Factual Background**

Plaintiff was born in 1976.  (T. 120.)  She completed high school.  (T. 61.)  Generally, Plaintiff's alleged disability consists of spinal injuries.  (T. 211.)  Her alleged disability onset date is March 9, 2014.  (T. 120.)  Her date last insured is December 31, 2020.  (T. 19.)  Plaintiff's past relevant work consists of collection clerk, customer service representative, day care director, and preschool teacher.  (T. 31-32, 212.)

   B.   **Procedural History**

On October 9, 2014, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act.  (T. 120.)  Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On February 24, 2017, Plaintiff appeared before the ALJ, Andrew J. Soltes, Jr.  (T. 49-109.)  On June 13, 2017, ALJ Soltes issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 14-38.)  On March 21, 2018, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.)  Thereafter, Plaintiff timely sought judicial review in this Court.

   C.   **The ALJ's Decision**

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 19-34.)  First, the ALJ found Plaintiff met the insured status requirements through December 31, 2020.  (T. 19.)  The ALJ found Plaintiff had engaged in substantial gainful activity from February 1, 2016 through December 9, 2016.  (*Id*.)  However, the ALJ determined there had been a continuous 12-month

period during which Plaintiff did not engage in substantial gainful activity. (T. 20.) Second, the ALJ found Plaintiff had the severe impairments of: herniated disc cervical and lumbar degenerative disc disease; and bilateral shoulder rotator cuff tendinitis. (*Id.*) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 22.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform:

> sedentary work as defined in [20 C.F.R. § 404.1567(a)] except she can occasionally climb ramps and stairs. She can occasionally stoop and crouch. She cannot kneel or crawl. She can occasionally use bilateral foot controls. She can frequently engage in bilateral reaching in all directions. She cannot climb ladders, ropes, or scaffolds. She cannot be exposed to unprotected heights. She cannot use a motor vehicle. She should avoid extreme temperatures. She may be off task between ten percent and fifteen percent of the eight-hour workday.

(T. 23.)[1] Fifth, the ALJ determined Plaintiff was unable to perform her past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 31-33.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes two separate arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues the ALJ erred in failing to properly evaluate the opinion of consultative physician, Hongbiao Liu, M.D. (Dkt. No. 11 at 12-16.) Second, and lastly, Plaintiff argues the ALJ failed to consider the use of a cane under SSR 96-

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a).

3

9p.  (*Id*. at 16-18.)  Plaintiff also filed a reply in which she reiterated her original argument and withdrew her argument that the ALJ failed to consider her use of a cane.  (Dkt. No. 19.)

### B. Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues the ALJ properly weighed the medical opinions of record.  (Dkt. No. 18 at 19-23.)  Second, and lastly, Defendant argues the ALJ properly assessed an RFC for a limited range of sedentary work.  (*Id*. at 23-24.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  See *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

(1) whether the claimant is currently engaged in substantial gainful activity;
(2) whether the claimant has a severe impairment or combination of

impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

Plaintiff asserts the ALJ failed to properly evaluate the medical opinion of the consultative examiner. (Dkt. No. 11 at 12-18.) Defendant argues the ALJ properly weighed all of the medical opinion evidence in the record and the ALJ properly assessed Plaintiff's RFC. (Dkt. No. 18 at 19-24.) For the reasons outlined below, the ALJ's assessment of the medical opinion evidence was inadequate and the ALJ's RFC determination was not supported by substantial evidence. Therefore, remand is necessary for further proceedings.

The RFC is an assessment of "the most [Plaintiff] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1).[2] The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources. *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c). The relevant factors considered in determining what weight to afford an opinion include the length, nature and extent of the treatment relationship, relevant evidence which supports the opinion,

---

[2] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs"). Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

6

the consistency of the opinion with the record as a whole, and the specialization (if any) of the opinion's source. *Id*. § 404.1527(c)(1)-(6).

In March 2014, Plaintiff was involved in a motor vehicle accident and suffered spinal injuries. (T. 497.) Plaintiff received treatment for the injuries sustained in the accident including chiropractic treatment, orthopedic treatment, injections, and surgery. Various treating sources provided opinions as to Plaintiff's disability status. For example, in September 2014, Cameron Huckell, M.D., a treating orthopedist with Pinnacle Orthopedic and Spine ("Pinnacle"), opined Plaintiff was "temporarily and partially disabled" and he saw "no [] medical contraindication for working a sedentary job at this time." (T. 424.) In October 2014, another treating orthopedist with Pinnacle, A. Marc Tetro, M.D., opined Plaintiff was "unable to work and would be considered disabled with regards to the usual occupation." (T. 417.)[3]

In December of 2014, Eric Roger, M.D., performed a laminectomy and transforaminal lumbar interbody fusion. (T. 561.) Prior to surgery, Dr. Roger indicated Plaintiff would be "temporarily disabled until at least 3-4 months postoperatively." (T. 547, 552.) In January 2015, Dr. Roger's physician assistant, Neal Siejka, PA-C, noted Plaintiff was "not doing as well post operatively as she would like" and she continued to have muscle spasms, but her leg pain improved. (T. 513.) In May of 2015, Dr. Roger informed Plaintiff he could no longer provide treatment due to insurance matters. (T. 519.)

In evaluating the medical opinion evidence in the record, the ALJ afforded "great weight" to the opinions of Dr. Huckell and Dr. Roger. (T. 28-29.) The ALJ

---

[3] Dr. Tetro treated Plaintiff for her bilateral shoulder pain. (T. 426.) Dr. Huckell treated Plaintiff for her spinal injury. (T. 419.)

7

reasoned Dr. Huckell was a treating source and his opinion, that Plaintiff could perform sedentary work, was "consistent with the clinical evidence of record." (T. 29.) However, the ALJ noted the opinions of Drs. Huckell and Roger were determinations of disability which are reserved to the Commissioner. (T. 29.) Of note, other non-acceptable medical sources, such as Plaintiff's treating chiropractor and physician assistants, provided opinions as to Plaintiff's ultimate disability status. (T. 30.)[4] The ALJ afforded those opinions "some weight" or "little weight." (*Id.*)

During 2015 and early 2016, Plaintiff received treatment, including medications and injections, from providers with New York Spine and Wellness Center. (T. 626-661.) Providers stated, "the percentage of temporary impairment is 100%." (T. 627, 635, 641, 647.) During this time, Plaintiff also received treatment from her primary care providers with Urban Family Practice. (T. 592-625.) No provider from Urban Family Practice provided an opinion regarding Plaintiff's functional capabilities.

From February 2016 through December 2016 Plaintiff returned to work. (T. 259.) In late 2016 Plaintiff experienced increased neck pain and in January 2017 Plaintiff underwent an anterior cervical discectomy and fusion C5-6. (T. 667, 670.) After her February 2017 hearing Plaintiff underwent a consultative examination. (T. 678-688.)

On March 20, 2017, Dr. Liu performed an orthopedic examination, provided a medical source statement, and completed an RFC form. (T. 678-688.) On exam, Dr.

---

[4] There are five categories of "acceptable medical sources." 20 C.F.R. § 404.1513(a). Chiropractors and physician assistants are listed among the "other medical sources," whose opinion may be considered as to the severity of a plaintiff's impairment and ability to work, but their conclusions are not entitled to any special weight. *Id.* § 404.1513(d)(1).

8

Liu observed Plaintiff's gait was slow and "cane dependent." (T. 679.) He stated Plaintiff's cane was medically necessary to maintain balance and limit pain. (*Id*.) On exam, Plaintiff had difficulty rising from a chair. (*Id*.) Dr. Liu observed Plaintiff's right shoulder had full range of motion and her left shoulder had reduced range of motion. (T. 680.) Dr. Liu observed Plaintiff could not lift with her left hand and her left-hand grip strength was 0/5. (*Id*.) Dr. Liu stated Plaintiff could not zip and button with her left hand and her left hand sensation was decreased compared to the right side. (*Id*.) Dr. Liu did not observe spinal or paraspinal tenderness or spasm. (*Id*.) Plaintiff had positive straight leg raises supine and sitting. (*Id*.)

In a medical source statement, Dr. Liu opined Plaintiff had:

> moderate limitation for prolonged [walking], bending, and kneeling. [Plaintiff] is left handed. No lifting after the neck surgery in 01/17. She should be reevaluated after the injury is recovered. [Plaintiff] should avoid dust and other irritating factors to limit asthma attacks.

(T. 681.)[5]

Dr. Liu also completed an RFC form. (T. 682-687.) Dr. Liu provided the following exertional limitations. Dr. Liu indicated Plaintiff could "never" lift and carry any amount of weight. (T. 682.) When asked to identify findings to support his opinion, Dr. Liu wrote "left hand no motion [right] hand normal." (*Id*.)

Dr. Liu opined Plaintiff could sit for twenty minutes without interruption, stand for twenty minutes without interruption, and walk for twenty minutes without interruption. (T. 683.) Dr. Liu opined Plaintiff could sit for a total of two hours in an eight-hour workday, stand for two hours total in an eight-hour workday, and

---

[5] Dr. Liu incorrectly stated Plaintiff was left handed. Plaintiff is right hand dominant. (T. 60.)

9

walk for two hours total in an eight hours workday.  (*Id*.)  Dr. Liu indicated that for the remaining hours of the day Plaintiff would be lying down.  (*Id*.)

Dr. Liu opined Plaintiff required the use of a cane to ambulate and she could walk for one block without the use of a cane.  (T. 683.)  When asked if Plaintiff, with a cane, could use her free hand to carry small objects, Dr. Liu answered "no."  (*Id*.)  Once again, Dr. Liu wrote the limitations were due to, "left hand no motion."  (*Id*.)  Dr. Liu opined Plaintiff could "continuously" reach, handle, finger, feel, and push/pull with her right hand.  (T. 684.)  He opined Plaintiff could "never" reach, handle, finger, feel, and push/pull with her left hand.  (*Id*.)  He wrote "left hand no motion."  (*Id*.)  Dr. Liu opined Plaintiff could continuously use her feet.  (*Id*.)

Dr. Liu provided additional non-exertional limitations.  Dr. Liu opined Plaintiff could "never": climb stairs and ramps; climb ladders or scaffolds; kneel; crouch; or crawl.  (T. 685.)  Dr. Liu opined Plaintiff could "occasionally" stoop and "continuously" balance.  (*Id*.)  Dr. Liu indicated the limitations were based on Plaintiff's "limited motion [in] neck [and] lower back."  (*Id*.)

Dr. Liu provided environmental limitations.  Specifically, Dr. Liu opined Plaintiff could "never" be exposed to: unprotected heights; moving mechanical parts; operating a motor vehicle; humidity and wetness; dust, odors, fumes, and pulmonary irritants; extreme cold and heat.  (T. 686.)  He opined Plaintiff could "continuously" be exposed to vibrations.  (*Id*.)  When asked to identify findings to support his opinion, he wrote "limited motion neck [and] low back motion[,] left hand no motion."  (*Id*.)

10

Dr. Liu indicated Plaintiff could not perform activities like shopping or travel without a companion for assistance. (T. 687.) Dr. Liu opined Plaintiff could "sort, handle, or use paper files" with her right hand, but not her left. (*Id.*) Dr. Liu indicated Plaintiff could: ambulate without a wheelchair, walker, or two canes or two crutches; walk a block at a reasonable pace on rough or uneven surfaces; use standard public transportation; climb a few steps at a reasonable pace with the use of a single hand rail; prepare a simple meal and feed herself; and care for her personal hygiene. (*Id.*)

When asked if the limitations provided in the RFC form "lasted or will they last for 12 consecutive months," Dr. Liu checked the box "yes." (*Id.*)

The ALJ afforded Dr. Liu's opinion "significant weight." (T. 29.) The ALJ reasoned Dr. Liu was an examining source and his "opinions were also generally consistent with the clinical evidence of record at the time the opinions were rendered." (*Id.*) In his assessment of Dr. Liu's opinion, the ALJ took into consideration the doctor's statement that Plaintiff should be re-evaluated after she recovered. (T. 30.) Overall, the ALJ determined Dr. Liu's opinion was "not reflective of [Plaintiff's] longitudinal ability to function, and cannot be considered for a twelve-month durational requirement. . . the record contains no indications that the extent of the limitations found by Dr. Liu would last twelve months." (*Id.*)

In general, the ALJ did not commit error in considering Dr. Liu's limitations in the context of Plaintiff's recent surgery. As outlined above, Plaintiff underwent cervical surgery in January of 2017 and Dr. Liu provided his opinion in March of 2017. Although Dr. Liu indicated in his RFC form Plaintiff's limitations lasted or will last for twelve

11

months, the doctor also stated, "no lifting after neck surgery" and that Plaintiff should be "reevaluated after the injury is recovered." (T. 681, 687.) Therefore, the ALJ reasonably found Dr. Liu's limitations appeared to be temporary. *See Ortiz v. Colvin*, 298 F. Supp. 3d 581, 592 (W.D.N.Y. 2018) (ALJ properly afforded opinion weight because the opinion was provided shortly after plaintiff had surgery). Although the ALJ reasonably considered the timing of Dr. Liu's opinion in relation to Plaintiff's surgery, meaningful review is nonetheless frustrated for the reasons outlined below.

First, Dr. Liu provided exertional limitations which appear to be based on Plaintiff's spinal impairments, lumbar and cervical, and therefore not temporal to her cervical surgery. For example, Dr. Liu provided specific limitations in Plaintiff's ability to sit, stand, and walk. (T. 683.) Dr. Liu also noted his postural limitations were due to limited motion in Plaintiff's neck and lower back. (T. 685.) Although reasonable that Plaintiff's ability to use her left arm and hand should be read in the context of her recent cervical surgery, there is no indication from the record that Plaintiff's ability to sit, stand, and walk were affected by surgery alone.

Second, the ALJ simultaneously afforded Dr. Liu's opinion "significant weight" and discounted the opinion based on its proximity to Plaintiff's cervical surgery. To be sure, an ALJ does not have to strictly adhere to the entirety of one medical source's opinion. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). The ALJ's discussion of Dr. Liu's opinion does not provide an analysis of which limitations, if any, were entitled

12

to significant weight and which limitations were not. The ALJ merely stated he afforded the opinion "significant" weight; however, the doctor's opined limitations did not meet the durational requirements. (T. 29-30.)

Third, the ALJ's otherwise thorough decision provided no discernable link between the evidence in the record and the RFC determination. Although failure to provide a function by function analysis is not *per se* legal error, remand may be appropriate, where an ALJ fails to assess a plaintiff's "capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). In other words, "the ALJ must simply explain the link between his RFC assessment and the record evidence supporting that assessment." *Paul v. Colvin*, No. 15-CV-310, 2016 WL 6275231, at *2 (W.D.N.Y. Oct. 27, 2016).

To be sure, portions of the ALJ's RFC determination mirror Dr. Liu's opinion. For example, consistent with Dr. Liu's opinion, the ALJ limited Plaintiff to occasional stooping, and never kneeling, crawling, or climbing. (T. 23, 685.) The ALJ's environmental limitations are also consistent with Dr. Liu's opinion. (T. 23, 686.)

However, the ALJ offers no insight into why he adopted some limitations, and others rejected. For example, Dr. Liu indicated Plaintiff had no limitation in reaching with her right extremity but could not reach with her left. (T. 684.) The ALJ determined Plaintiff could frequently engage in bilateral reaching in all directions; however, nowhere in his decision does the ALJ discuss Plaintiff's ability to reach, nor can it be gleaned from the record how the ALJ arrived at this determination. *See Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir. 1983) (noting that when "the evidence of record permits us to

glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability").

The ALJ's reasoning for providing other limitations in the RFC cannot be gleaned from the record. The ALJ determined Plaintiff would be off task between ten percent and fifteen percent of a workday. (T. 23.) It is unclear what evidence supported this limitation. No medical source provided an opinion concerning Plaintiff's ability to be on task and the ALJ's decision does not contain a discussion of this ability.

Overall, remand is necessary for a proper evaluation of the medical opinion evidence in the record and RFC determination. The ALJ's written decision provides no analysis linking the evidence in the record to his ultimate RFC determination. The ALJ thoroughly outlined Plaintiff's medical record including objective medical imaging, findings on examination, treatment received and medical opinions. (T. 24-30.) Further, the ALJ weighed the medical opinion evidence in the record. (T. 28-30.) However, despite the ALJ's thorough summation of the record, the ALJ failed to provide substantial evidence to support his RFC determination.

Examining the record as a whole, it is unclear from the ALJ decision what evidence he relied on in formulating Plaintiff's RFC. First, as outlined above, despite affording Dr. Liu's opinion "significant weight" the ALJ subsequently rejected the doctor's opined limitations because they were offered in close proximity to Plaintiff's surgery. Second, despite outlining the medical evidence in the record, the ALJ failed to link such evidence to his RFC.

Also, of note, the ALJ stated in his decision:

> there has been a continuous 12-month period(s) during which [Plaintiff] did not engage in substantial gainful activity. The remaining findings address the period(s) [Plaintiff] did not engage in substantial gainful activity. The remaining findings also provide an alternative analysis for the period that [Plaintiff] did engage in substantial gainful activity.

(T. 20.) Despite this language, the decision does not appear to contain an "alternative analysis" for period Plaintiff worked. Therefore, remand for further proceeding is necessary.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 18) is **<u>DENIED</u>**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: October 21, 2019

*Bill Carter*
William B. Mitchell Carter
U.S. Magistrate Judge